(Reap. Dec. 9725)

HENRY GREENBERG & BROS. EXP. & IMP. CO., INC. v. UNITED STATES

Entry No. 828427, etc.

(Decided June 21, 1960)

Jordan & Klingaman (Jacob L. Klingaman of counsel) for the plaintiff.

George Cochran Doub, Assistant Attorney General (Daniel I. Auster, trial attorney), for the defendant.

LAWRENCE, Judge: The nine appeals for a reappraisement enumerated in the schedule, attached to and made part of this decision, were consolidated for the purposes of hearing and determination.

The merchandise involved consists of bicycle chain in long lengths accompanied by connecting links which is material for making completed bicycle chain. The merchandise was exported from Japan during the period from April 30, 1955, to November 19, 1955. There is agreement between the parties hereto that United States value, as that value is defined in section 402(e) of the Tariff Act of 1930 (19 U.S.C. § 1402(e)), as amended by the Customs Administrative Act of 1938, is the proper basis of appraisement. Although it is not clearly defined by the record presented, it is to be inferred that plaintiff is seeking a lower quantum of value pursuant to said statutory basis.

The only witness called to testify in this case was Henry S. Lanceter, who appeared on behalf of plaintiff. Lanceter stated that he was the bookkeeper and manager of the plaintiff company since 1949 and that all sales contracts come before him at one time or another. At the request of plaintiff's counsel, the witness had gotten together the original orders from plaintiff's customers for the year 1955. After identifying each of them, said orders were received in evidence as plaintiff's exhibits 1 through 17, exhibits 3, 4, 9, and 12 being identified as collective exhibits.

When queried as to the variance in price from $7.70 to $9 per 100 feet, he stated that the increase from $7.70 to $8.10 per 100 feet was due to an increase in ocean freight. The prices of $8.75 and $9 per 100 feet were due to smaller orders and for immediate delivery which had to be taken from stock instead of from the dock.

When shown exhibit 6, an order dated May 4, 1955, covering 40,000 feet at a price of $7.70 per 100, and exhibit 7, dated May 20, 1955, for 500,000 feet at $8.10 per 100, Lanceter attributed the higher price, despite the much greater quantity, to an increase in the freight rate from Japan to New York. When his attention was directed to exhibit 8, an order of October 7, 1955, for 250,000 feet at a price of $8.25 per 100 and to exhibit 9, dated October 21, 1955, for 200,000 feet at $8.10 per 100 feet, the witness was unable to satisfactorily explain the reason for the lower price on a somewhat smaller quantity at a 2 weeks later date. He did refer to a 2 per centum discount which he stated was sometimes granted but not usually.

With reference to sales to one of plaintiff's regular customers, Lanceter testified that the price had no reference to quantities purchased, and although the customer was not given a "specific price" it was given a "good price."

As defendant's collective exhibit A, there was received in evidence a report of a customs agent at New York, together with accompanying

papers addressed to the Commissioner of Customs in Washington, D.C.

The Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, *supra*, defines United States value in section 402(e) in part as follows—

The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, * * *.

From the record outlined above, it is clear that plaintiff has failed to produce satisfactory evidence of a price at which bicycle chain in long lengths was freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade. A study of the 17 exhibits received in evidence on plaintiff's behalf does not present any clear pattern of transactions for the sale of such merchandise in the United States for domestic consumption at uniform prices to all purchasers. Moreover, it was the witnesses testimony that some customers were given a "good price" or a price to meet competition and that, although not usually granted, a 2 per centum discount was allowed in particular instances.

After due consideration of the testimonial and documentary evidence presented, it is apparent to the court that plaintiff has failed to sustain its twofold burden of proving the action of the appraiser to be erroneous and of establishing a different value as the proper one. *Kenneth Kittleson* v. *United States*, 40 C.C.P.A. (Customs) 85, C.A.D. 502, and cases therein cited.

On the record presented, I find as facts—

1. The merchandise before the court consists of bicycle chain in long lengths accompanied by connecting links which was imported from Japan during the period from April 30, 1955, to November 19, 1955.

2. Said merchandise was appraised on the basis of United States value.

3. There is no evidence to establish any other values than those found by the appraiser.

As conclusions of law, the court holds—

1. That plaintiff has failed to overcome the presumption of correctness attaching to the values found by the appraiser.

2. That United States value, as defined in section 402(e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis of value for the merchandise covered by the instant appeals for a reappraisement.

3. That such value is the values returned by the appraiser.

Judgment will be entered accordingly.